Mr. Justice hTELSdsT
 

 delivered the opinion of the court.
 

 This suit was brought, in the court below, by the United States to recover possession of a tract of land situate in the Parishiof.St. Bernard, about ten miles below the city of Uew ■Orleans, .on the east side of the River Mississippi, and between .that river and Lake Borgne.
 

 .The .defendants set up two grounds of defence: 1. Tliat the tract of land in controversy had been granted to Madame LelCompte by the Spanish government, November 3d, 1784; .and, 2. That the grant was confirmed to E. and J. Phillipon
 
 *681
 
 by act of Congress, March. 3d, 1835, from whom the defendants derived their titles.
 

 1. The Spanish grant was produced on the trial from the register’s office in New Orleans, where these ancient titles are deposited, and is found in the record.
 

 The G-overnor, in making the grant, recites:
 

 “ Considering the foregoing proceedings, made by the
 
 segundo ayundante
 
 of this place, Louis Andry, who was appointed to make survey and put Dn. Maria Le Compte in possession of the vacant land which lies in rear or at the extremity of the forty arpents in depth of the plantation belonging to Bachemin, Corbin, Yoison, and Portugais, and consists of fourteen arpents in front, composing the said plantations, until it roaches Lake Borgne; and, finding that said proceedings are made agreeably to the order of survey, and to the grants of the above-named parties, who are not injured — nay, who have assented thereto, &c. — Now, THEREFORE, &c., we do, by those presents, “ grant to the said Maria Le Compte the above-mentioned fourteen ar-pents front from the forty arpents in depth owned by the said Bachemin, &c., to the' aforesaid lake, following the same directions which the boundary lines of the said Bachemin, &c., run, in order that she may dispose of and enjoy the same, &c.”
 

 There is some obscurity in the language of the grant, and, if it was open for construction, there is ground for the interpretation contended for by the government, namely.: that the tract granted consisted of an area of fourteen ar-pents front, and extending back within parallel lines to Lake Borgne. But this obscurity is removed by the official Spanish survey referred to in the grant, and which, as we have seen, was before the government when the grant was made.
 

 Phelps, a United States deputy surveyor, and who has been in the service of the government, under the Surveyor-General, since 1828, surveyed the side lines of this tract in 1831, and, according to his recollection and belief, had before him, at the time, the original Spanish survey of Landry, and followed the side lines of that survey, which were not parallel, but were diverging side lines, corresponding with
 
 *682
 
 those of the front grant to Bachemin and others. That grant fronted on a bend of the river, on the convex side, or shore; and, according to the usage in Spanish locations on such bends, and which is the usage and practice of locations under our system of survey, the side lines run at right angles with the bend of the river, and, as in the instance before, us, diverge and widen as the lines extend for the entire depth of the front lot. It was these divei’ging lines terminating at the rear of the Bachemin lot that were extended in the same direction by the survey and location of the back lot of Madame Le Compíe, by Landry, to Lake Borgne, and which were afterwards adopted by Phelps. This Spanish survey and location of the grant removes any obscurity that may exist in the description.
 

 The survey of Landry was not produced, but its existence and loss were sufficiently proved to let in the secondary evidence presented on the trial.
 

 The testimony of Phelps was taken under a commission, and when produced at the trial several objections were taken to its competency and admissibility, on the part of the government, which were overruled. The objections were very general and indefinite, without pointing out the portions of his answers to the interrogatories which were inadmissible, except in gross, embracing matters clearly competent and relevant to the-issues. It is the duty of the party excepting to evidence to point out the part excepted to, so that the attention of the court may be drawn to it. If the exception covers any admissible evidence, it is rightly overruled.
 
 *
 
 This principle disposes of all the objections in which any doubt can exist as to the competency of the evidence.
 

 We do not regard, however, the portion of Phelps’s testimony objected to as of any particular importance in the case. The only portions of his evidence which are material relate to the Landry survey of Madame Le Compte’s grant, and his own survey of the same in 1831. But—
 

 2. The most conclusive defence to this action to recover
 
 *683
 
 the land- in question is the decision of the register and receiver, on the petition of F. and J. A. Phillipon for confirmation, dated December 20th, 1832, the report of these officers in favor of the claim, 5th September, 1833, and confirmation by act of Congress, March 3d, 1835.
 

 The Phillipons owned a large tract of land derived from six French and Spanish grants, all of which are set out on the record, and among them is the grant in question to Madame Le Compte. They state in their petition that the land is situate in the Parish of St. Bernard, on the east bank of the Mississippi River, about ten miles below the city of Few Orleans, measuring twenty-one arpents front by an irregular depth extending to Lake Borgne, bounded on one side by the plantation of Mr. Guichard, and on the other side (below) by the plantations of the widow Beauregard; the whole, according to a full and detailed plot thereof, executed by Augustus S. Phelps, United States deputy surveyor, in the month of February, 1831, herewith presented and prayed to be accorded. This map is in the-record, and includes the tract of Madame Le Compte, with the diverging lines, as surveyed by Landry, and afterwards by Phelps.
 

 The register and receiver, after hearing the proofs in the case, and referring to the claim, and reciting that it contains twenty-one arpents front by an irregular depth extending to Lake Borgne, and bounded above by land of Mr. Guichard, and below by land of the widow Beauregard; and reciting, also, that the tract is made up of several tracts, all of which are derived from the original grants made, and completed in due form, as follows: enumerating the six French and Spanish grants, with their dates,
 
 report
 
 — “¥e are therefore of opinion that this claim ought to be confirmed.” This claim, thus described by the register and receiver, was specifically confirmed, referring to the date of this report, by the act of Congress of March 3d, 1835.
 

 We do not deem it necessary to pursue the case further. It seems to us that the title, to the extent claimed by the Phillipons, under whom the defendants held, has not only
 
 *684
 
 been confirmed by this government, but that the grants under the French and Spanish governments were as extensive, and the boundaries as well defined and settled, as we are of opinion they now are under the survey and location confirmed by act of Congress.
 

 JUDGMENT AFEIRMED.
 

 *
 

 Moore
 
 v.
 
 The Bank of the Metropolis, 13 Peters, 302.