### UNITED STATES v. BOOKBINDER.

(District Court, E. D. Pennsylvania.    April 3, 1922.)

#### No. 78.

1. **Criminal law** ⬥395—**Evidence obtained under lawful warrant may be used in prosecution for crime not alleged in affidavit.**

If intoxicating liquor is subject on importation to the customs laws, and was seized under a lawful search warrant issued under Rev. St. §§ 3061–3082 (Comp. St. §§ 5763–5765, 5767–5785), inclusive, which are applicable to goods subject to duty, the evidence so obtained may be used in the prosecution for a crime other than that described in the affidavit for the search warrant.

2. **Customs duties** ⬥31, 65, 126—**Prohibition Act did not repeal tariff on intoxicating liquors, nor provisions of declaration thereof; search warrant may issue to search for liquor.**

Since the prohibition of importation of intoxicating liquor under National Prohibition Act, title 2, § 3, does not apply to all intoxicating liquor, the Prohibition Act does not repeal the Tariff Act of October 3, 1913, levying customs duties on the importation of distilled spirits and wines, nor the provisions of law for the declaration and entry of intoxicating liquor, so that a search warrant issued under Rev. St. §§ 3061–3082 (Comp. St. §§ 5763–5765, 5767–5785), to search for liquor imported without payment of duties, is legal.

Emanuel Bookbinder was charged with violation of the Prohibition Act. On rule by defendant to suppress evidence procured under a search warrant. Rule discharged.

See, also, 278 Fed. 216; 281 Fed. 207.

John Robert Jones and Truman D. Wade, Asst. U. S. Attys., and George W. Coles, U. S. Atty., all of Philadelphia, Pa.

J. Washington Logue, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.    [1] R. S. §§ 3061 to 3082 (Comp. St. §§ 5763–5765, 5767–5785), inclusive, are applicable to such goods as are subject to duty under the customs laws. The search warrant in the present case is based upon cause to suspect the concealment of merchandise in fraud of the United States under the customs laws, in that the merchandise had been imported into the United States without payment of duties thereon. If intoxicating liquor is subject upon importation to the customs laws, and seized under a lawful search warrant, the evidence so obtained may be used in a prosecution for a crime other than that which may have been described in the affidavit as having been committed. Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647.

[2] The prohibition of importation of intoxicating liquor, under title 2, § 3, of the National Prohibition Act, does not apply to all intoxicating liquor. It is provided in the same section that liquor for nonbeverage purposes and wine for sacramental purposes may be imported. There is nothing in the National Prohibition Act repealing the provisions of the Tariff Act of October 3, 1913 (38 Stat. 114), laying customs duties upon the importation of distilled spirits and wines,

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

nor the provisions of law for the declaration and entry of intoxicating liquor imported. The seizure is held to have been made under a lawful search warrant, and under the authority of the Gouled Case the evidence may be used in a prosecution for the offenses charged in this case.

Rule discharged.