### POWERS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 27, 1923.)

No. 4194.

1. **Conspiracy 43(6)—Indictment charging conspiracy to possess unlawfully intoxicating liquor held sufficient.**

Indictment charging conspiracy to unlawfully possess Mexican tequila, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), alleging that defendants agreed to possess 1,000 quarts of tequila, and that the agreement intended using it for beverage purposes, *held* sufficient as against contention that indictment did not show that the liquor was intoxicating, or was fit for beverage purposes, or that possession was unlawful, since section 32 (Comp. St. Ann. Supp. 1923, § 10138½s) makes it unnecessary to include defensive negative averments, and since the designation of the liquor as "Mexican tequila" was descriptive merely, and added nothing to and took nothing from the averment that the liquor was intoxicating, and since the averment that the liquor was intended for beverage purposes included averment that it was suitable for such purposes.

2. **Customs duties 125—Intoxicating liquor held "merchandise" within smuggling statute.**

Intoxicating liquor *held* "merchandise," within Tariff Act 1922, § 593, subd. (b), being Comp. St. Ann. Supp. 1923, § 5841h13, prohibiting the concealing of "merchandise," knowing it to have been smuggled, though its importation had been prohibited by the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138½ et seq.) prior to enactment of such Tariff Act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

3. **Witnesses 396(2)—Entire statement admissible on redirect examination.**

Where defendants used a part of a statement on cross-examination of a witness for the purpose of impeaching him, the entire statement was admissible, on redirect examination by the state, to explain the part introduced by defendants.

4. **Conspiracy 47—Proof of agreement to transport liquor included proof of agreement to possess.**

Conviction for conspiracy to unlawfully possess intoxicating liquor in violation of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), was sustained by proof of an agreement to transport the liquor, since such proof included proof of an agreement to possess.

5. **Criminal law 1208(1)—Imposition of separate punishments for separate offenses held proper.**

Where an indictment in one count charged conspiracy to unlawfully possess liquor, in violation of National Prohibition Act, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), and in other count charged the concealment of smuggled liquor knowing it to have been smuggled, in violation of Tariff Act 1922, § 593, subd. (b), being Comp. St. Ann. Supp. 1923, § 5841h13, the court did not err in assessing separate punishments under each count, though the offenses arose out of one transaction.

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Ben Powers and Leo Clamp were convicted of conspiracy to possess unlawfully intoxicating liquor in violation of the National Prohibition Act, and of concealing merchandise smuggled into the United States, knowing it to have been smuggled, and they bring error. Affirmed.

Leonard Brown, Will A. Morriss, and H. S. Groesbeeck, all of San Antonio, Tex., for plaintiffs in error. .

John D. Hartman and W. C. Williams, both of San Antonio, Tex., for the United States. .

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. The two plaintiffs in error (hereafter called defendants), along with two others, who were acquitted, were indicted and convicted for conspiring to violate title 2 of the National Prohibition Act (U. S. Comp. St. Ann. Supp. 1923, § 10138½ et seq.), by conspiring to possess unlawfully 1,000 quarts of Mexican tequila, in the first count of the indictment, and for concealing certain merchandise, to wit, 200 quarts of tequila, which had been smuggled into the United States from Mexico, knowing it to have been smuggled, in the second count of the indictment. Each count of the indictment was demurred to; the demurrers were overruled by the District Court, and these rulings are principally relied upon for reversal.

[1] The first count is assailed because (1) it does not show that tequila was an intoxicating liquor; (2) because it does not show that tequila was fit for beverage purposes; and (3) because it does not show an unlawful possession. We think the first count sufficiently charges a conspiracy to unlawfully possess intoxicating liquor for beverage purposes, at a time when the possession of intoxicating liquor was prohibited by the Volstead Act, with certain exceptions. Section 32 of title 2 of that act relieves the government from including in the indictment any defensive negative averments, and provides that it shall be sufficient to state that the act complained of was then and there prohibited and unlawful. The first count alleges an agreement to possess 1,000 quarts of tequila and that the agreement intended a use of it for beverage purposes. Designation of the liquor as Mexican tequila was descriptive merely, and added nothing to and took nothing from the averment that the liquor was intoxicating.

Intoxicating liquor is defined by the law itself to be that containing in excess of one-half of 1 per cent. of alcohol by volume. The averment that the liquor was intended, according to the agreement, for use for beverage purposes, included the averment that it was suitable for such purposes. The case of Hilt v. United States (C. C. A.) 279 Fed. 421, is to be distinguished. The indictment in that case did not allege that the possession was for beverage purposes, or at a prohibited time, and did not exclude the idea of a permitted possession. The case of Massey v. United States, 281 Fed. 293, decided by the Court of Appeals for the Eighth Circuit, sustains an indictment in legal effect the same as is the first count of this indictment.

294 F.—33

[2] The demurrer to the second count is based upon the asserted proposition that intoxicating liquor is not merchandise, within the meaning of section 593 (b) of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h13), because its importation had theretofore been prohibited by the national prohibition law. This court held in the case of United States v. Santini & Lowe, 279 Fed. 534, that intoxicating liquor was merchandise within the meaning of the customs laws. The Supreme Court held in the case of United States v. Sischo, 262 U. S. 165, 43 Sup. Ct. 511, 67 L. Ed. 925, reversing a ruling of the Circuit Court of Appeals for the Eighth Circuit (270 Fed. 958), that goods, the importation of which was forbidden, were amenable to customs regulations, and that the importation thereof, not pursuant to such regulations, subjected the importer to the penalties prescribed therein. The demurrer to the second count was rightly overruled.

[3-5] The other points relied upon in the brief have been considered. The third and fourth relate to evidence given by the government witness, Earl Custer, against the objections of the defendant. We find no reversible error in its admission. The fifth point is based upon the admission, against defendant's objection, of the entire voluntary statement of the same witness, at the government's instance, on redirect examination; the defendants having used a part of it on cross-examination of the witness for the purpose of impeaching him. The entire statement was admissible in rebuttal by way of explaining the part of the statement introduced by the defendants.

The sixth point is based on what was said by the court below to the jury in directing a verdict for the defendant Weaver. The court, in effect, told the jury that the evidence, as a matter of law, was insufficient to convict Weaver, and that they could consider the cases of the other three defendants. We think there was no error in the court's instruction.

The seventh point is based upon a refusal to direct an acquittal of the defendants because of the claimed absence of proof of an agreement to possess as charged in the indictment. Proof of an agreement to transport included proof of an agreement to possess. The eighth point is based on the action of the court in assessing separate punishments under each count. The first count charged a violation of the National Prohibition Act, and the second an offense against the customs. Though arising out of one transaction, they were separate offenses and justified the imposition of separate punishment.

Other errors are assigned, but not stressed in argument or brief, and we find nothing in them to justify reversal.

The judgment of the District Court is affirmed.