NOUNES et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 11, 1925.)

No. 4408.

1. **Customs duties** ⬿134 — **Count held to charge receipt, concealment, and transportation of liquor imported into United States without compliance with Tariff Act.**

Count *held* to charge receipt, concealment, and transportation of liquors imported into the United States without compliance with Tariff Act Sept. 21, 1922, in violation of section 593b (Comp. St. Ann. Supp. 1923, § 5841h13).

2. **Customs duties** ⬿134 — **Evidence held to sustain conviction for concealment and transportation of liquors without compliance with Tariff Act.**

In prosecution for concealment and transportation of liquor imported into the United States without compliance with Tariff Act Sept. 21, 1922, in violation of section 593b (Comp. St Ann. Supp. 1923, § 5841h13), evidence *held* to sustain conviction, in view of provision of statute making unexplained possession of unlawfully imported goods sufficient evidence to authorize conviction.

3. **Customs duties** ⬿134 — **National Prohibition Act not bar to prosecution for unlawful importation or concealment of intoxicating liquors fit for beverage purposes.**

National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) does not bar prosecution for unlawful importation or concealment of intoxicating liquors fit for beverage purposes, in view of Tariff Act Sept. 21, 1922, § 401, par. (c), being Comp. St. Ann. Supp. 1923, § 5841d, defining merchandise to include prohibited merchandise.

4. **Criminal law** ⬿202(3)—**Acquittal on count charging possession and transportation in violation of National Prohibition Act did not preclude conviction for transportation of liquors imported without compliance with Tariff Act.**

Acquittal on count charging unlawful transportation and possession of intoxicating liquor without permit from Commissioner of Internal Revenue, in violation of National Prohibition Act, would not preclude conviction of concealing and transporting liquors imported into the United States without submission of liquors to customs inspection or payment of duty thereon, in violation of Tariff Act Sept. 21, 1922, § 593b (Comp. St. Ann. Supp. 1923, § 5841h13), since the same evidence would not sustain both counts, and the one offense is not necessarily included in the other.

5. **Criminal law** ⬿829(1)—**Refusal of special charges, covered so far as applicable by charge given, is not error.**

Refusal of special charges, covered so far as applicable by charge given, is not error.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

John L. Nounes and Joe Varnell were convicted of concealing and transporting intoxicating liquors imported into the United States contrary to law, and they bring error. Affirmed.

Certiorari denied 45 S. Ct. 513, 69 L. Ed. —.

D. D. McDonald and Jas. W. Wayman, both of Galveston, Tex., for plaintiffs in error.

H. M. Holden, U. S. Atty., and Edwin R. Warnken, Asst. U. S. Atty., both of Houston, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. An indictment in five counts was returned against plaintiffs in error, hereafter called the defendants, and five others. The first count charged a conspiracy to commit offenses against the United States, to wit, to import and bring into the United States intoxicating liquor without submitting the same to customs inspection or paying the duty thereon, and to receive, conceal, and sell said liquor after importation, in violation of section 593b, Tariff Act 1922 (Comp. St. Ann. Supp. 1923, § 5841h13), and to import, possess, transport, and sell intoxicating liquor for beverage purposes without a permit from the Commissioner of Internal Revenue, in violation of the National Prohibition Act. The other four counts charge substantive offenses covered by the conspiracy count. The defendants were convicted on the fourth count, and acquitted on the balance of the indictment. The others, not before this court, were acquitted on the whole indictment.

Error is assigned to the overruling of a motion to quash the indictment, to the refusal of the court to instruct a verdict for defendants on the fourth count, to the entering of judgment on the verdict, and to the refusal of certain special charges requested. The first three assignments may be considered together.

It is contended by the defendants that a conviction on the fourth count is inconsistent with an acquittal on the balance of the indictment, especially the fifth count, as the fifth count charges a violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and that said act supersedes the customs laws relative to importation, concealment, and transportation of intoxicating liquor for beverage purposes.

The fourth count charges specifically that the defendants and the others named "did unlawfully and feloniously conceal and transport in two certain motorboats, to wit, the E–873 and the Cherokee, intoxicating liquors of foreign manufacture which had lately theretofore been imported and brought into the United States contrary to law; that is to say, without submission to inspection by any officer of the customs of the United States and without the payment of duty thereon and for beverage purposes, then and there well knowing the said intoxicating liquors to have been so unlawfully imported into the United States."

The fifth count charges that the said defendants "did unlawfully, knowingly, and willfully transport and possess intoxicating liquor without first having obtained a permit from the Commissioner of Internal Revenue to so transport and possess said intoxicating liquor, knowing said transportation and possession was unlawful and prohibited."

The undisputed facts appearing in the record are these. On January 3, 1924, a Coast Guard vessel sighted two motorboats, capable of going out to sea, near an island in Tidlum-Tadlum. Tidlum-Tadlum is a group of islands, with rushes as high as a man's head in places, and with several outlets to Galveston Bay and to the Gulf of Mexico, in Cole Pass, between the western end of Galveston Island and the mainland, about 25 miles from the city of Galveston. Six men left the vessels as the government boat approached, before they could be recognized. The boats were the Cherokee, owned by the defendant Nounes, and the E–873, owned by the defendant Varnell.

Sacks and cases of intoxicating liquor fit for beverage purposes were found on both boats, and other sacks and cases of the same kind of liquor were piled up in the grass on shore, the whole amounting to 624 sacks, 6 bottles to the sack, and 35 cases, 12 bottles to the case. The liquor bore foreign labels and original seals over the corks, and some bore foreign excise stamps. There were also marks on the cases showing the liquor had passed through foreign ports, such as Havana, Cuba. There was evidence that both defendants had been seen in the neighborhood the evening before and on the morning of the discovery and seizure of the motorboats. There was also evidence indicating that both defendants had been engaged in other transactions dealing with the unlawful possession and transportation of intoxicating liquor. The defendants did not take the

stand, and did not offer any explanation whatever as to the transaction.

[1, 2] No error is assigned to the admission of any of the evidence. The fourth count undoubtedly charges an offense under section 593b of the Tariff Act of 1922. The same section provides that the unexplained possession of goods unlawfully imported is sufficient evidence to authorize conviction. Considering the presumption created by the statute, the evidence before the jury was sufficient to support the verdict, in the absence of reasonable explanation on behalf of the defendants.

On the question as to whether the provisions of the customs laws are superseded and rendered inoperative by the National Prohibition Act, this court has twice held that the latter act is not a bar to a prosecution for unlawful importation or concealing thereafter of intoxicating liquor fit for beverage purposes. U. S. v. Santini (C. C. A.) 279 F. 534; Powers v. U. S. (C. C. A.) 294 F. 512. To the same effect, see Bookbinder v. U. S. (C. C. A.) 287 F. 790, certiorari denied 262 U. S. 748, 43 S. Ct. 523, 67 L. Ed. 1213; U. S. v. Sischo, 262 U. S. 165, 43 S. Ct. 511, 67 L. Ed. 925.

[3] The reasoning of these cases is all the more cogent since the adoption of the Tariff Act of 1922, as paragraph C, section 401 of that act (Comp. St. Ann. Supp. 1923, § 5841d), defines merchandise as including merchandise, the importation of which is prohibited, and, of course, the provisions of the act as to invoicing and inspection apply to intoxicating liquor, although for beverage purposes. We see no reason to depart from the doctrine announced by these cases.

It is impossible to fathom the minds of the jury when passing on a complicated indictment, and that the verdict may appear inconsistent in acquitting the defendants on one count, while convicting them on another, does not necessarily strike the verdict with nullity for that reason alone. On this point the Supreme Court, in the case of Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153, had to consider a conviction under two counts of an indictment. One count charged the defendant with breaking and entering a building used as a post office with intent to commit larceny therein, and another count charged him, on the same date and at the same place, with stealing and taking away certain property and money of the United States from the same post office. In considering the question of double jeopardy the court said:

"The test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress. This court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

[4] Applying that test to this case, it is apparent that the same evidence would not sustain both counts. Evidence of mere possession and transportation of intoxicating liquor with guilty knowledge and intent would sustain the fifth count, but in addition to that, to sustain the fourth count, it would be necessary to show that the liquor was imported, that the defendant knew it to be imported, and that he concealed it. It is also quite evident that the one offense is not necessarily included in the other, as would be the case when a person is charged with possession of distilling apparatus and with unlawfully manufacturing liquor at the same time and place.

[5] It is unnecessary to consider in detail the three special charges refused by the court, which refusal is assigned as error. One was in effect a motion to direct a verdict for defendants. One dealt principally with the question of reasonable doubt arising on the evidence, and the other related to the weight to be given circumstantial evidence. The court charged the jury fully and carefully on the law of the case, and the special charges requested, so far as they were applicable, were covered by the charge of the court.

We find no error in the proceedings of the District Court. The judgment is affirmed.