## UNITED STATES v. CARDWELL.

(District Court, E. D. Michigan, S. D. December 1, 1925.)

No. 10838.

Customs duties ⟺134—Prosecution for importing liquors held properly brought under Tariff Act.

A prosecution for fraudulently or knowingly importing intoxicating liquor into the United States was properly prosecuted under Tariff Act 1922, § 593b (Comp. St. Ann. Supp. 1923, § 5841h13), rather than National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), particularly in view Act Cong. Nov. 23, 1921, § 5 (Comp. St. Ann. Supp. 1923, § 10138⅘c), supplementing National Prohibition Act.

Harry Cardwell was convicted of a violation of the Tariff Act of 1922, § 593b. On motion to set aside verdict of guilty and to

arrest the judgment of conviction entered on the verdict. Motion denied.

Delos G. Smith, U. S. Atty., of Detroit, Mich.

McClear, Penniman & Toy, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This cause is before the court on a motion by the defendant to set aside the verdict of guilty rendered against him herein and to arrest the judgment of conviction entered on such verdict.

The indictment, which consists of one count, and purports in its caption to charge a violation of section 593(b) of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h13), alleges that the defendant, at a specified time and place, "did unlawfully, willfully, fraudulently, feloniously, and knowingly receive, buy, conceal, and facilitate the transportation and concealment of certain merchandise, to wit, 24 quarts of Old Crow Canadian whisky, containing more than one-half of 1 per cent. of alcohol by volume, and fit for use for beverage purposes, which said merchandise had then and there been imported and brought into the United States of America from a foreign place, to wit, the Dominion of Canada, contrary to law, in that said merchandise had been imported and brought into the United States without a permit from the Commissioner of Internal Revenue, as required by schedule 8 of the Tariff Act of 1922 [Comp. St. Ann. Supp. 1923, § 5841a, pars. 801–814], and in that said merchandise had been imported and brought into the United States without payment of the customs duties thereon as required by schedule 8 of the Tariff Act of 1922, and in that said merchandise had been imported and brought into the United States in violation of section 3 of title II of the National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138½aa], the said Harry Cardwell then and there knowing that said merchandise had been imported and brought into the United States contrary to law as aforesaid; contrary to the form, force, and effect of the act of Congress in such case made and provided, and against the peace and dignity of the United States."

The evidence at the trial amply warranted the verdict of guilt under this indictment.

The reasons assigned in support of the motion to arrest judgment are stated in such motion as follows: "(1) Because the indictment in this cause is insufficient to support any judgment against him; (2) because such indictment does not charge said defendant with any crime known to the law; (3) because said defendant should have been charged with a violation of the Volstead laws and not with the violation of the Tariff Act, so-called."

The arguments advanced on behalf of the defendant are based upon the contention that the provisions of the customs statutes thus charged to have been violated by the defendant have been so far superseded by the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), with respect to the importation of intoxicating liquor, that criminal prosecutions for the importation of such liquor cannot be based upon the customs statutes but only upon the Prohibition Act.

It is true that this court, in the case of United States v. McKenzie, 283 F. 667, decided September 8, 1922, held that the customs laws in force prior to the adoption of the Eighteenth Amendment and the National Prohibition Act were superseded and impliedly repealed, as regards the importation of intoxicating liquor, by the subsequently enacted legislation prohibiting such importation and in effect at the time of the commission of the offense involved in the decision in that case. Subsequent to the filing of the indictment in the McKenzie Case, Congress, by the Act of November 23, 1921 (42 Statutes at Large, 223, § 5 [Comp. St. Ann. Supp. 1923, § 10138⅘e], being the so-called act supplemental to the National Prohibition Act), enacted that "all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act." The effect of such statute was to restore to the customs laws previously held by the courts to have been superseded by the prohibition laws their original force and validity. United ed States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358.

Thereafter, by the Tariff Act of 1922 (Act of September 21, 1922, c. 356, tit. IV, § 593[b]; 42 Statutes at Large, 982), it was provided that: "If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, buys, sells, or in any man-

ner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both."

By section 401 of the same title of said act (Comp. St. Ann. Supp. 1923, § 5841d) the word· "merchandise" was defined as meaning "goods, wares and chattels of every description" and as including "merchandise the importation of which is prohibited." The crime of which the defendant herein was convicted was committed in 1925 and while the statute last mentioned was in force.

It is thus clear that at the time of the commission of the offense here involved, and at the present time, the acts charged in the indictment hereinbefore quoted constituted an offense against the United States, that the statute on which such indictment was based was later in time than, and superseded, any provisions of the National Prohibition Act inconsistent therewith, and that the contentions of the defendant urged in support of his motion must be overruled. Nounes v. United States (C. C. A. 5) 4 F.(2d) 833.

An order to that effect will be entered.