## WEST v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 9, 1926.)

No. 7126.

1. **Criminal law ⬤878(5)—Sentence under count on verdict of guilty as to two other counts, to one of which demurrer had been sustained, must be reversed.**

Where demurrer was sustained to second count of indictment containing three counts, sentence on third count, on verdict of guilty as charged in first and second counts, must be reversed.

2. **Customs duties ⬤121—Tariff on liquor held effective, notwithstanding constitutional amendment and law prohibiting importation (Tariff Act 1922, § 1, par. 802, and section 593a [Comp. St. §§ 5841a, 5841h12]; Const. Amend. 18; National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Tariff Act 1922, § 1, par. 802 (Comp. St. § 5841a), imposing duty on liquor, *held* effective, notwithstanding Const. Amend. 18, and National Prohibition Act (Comp. St. § 10138¼ et seq.), restricting importation of liquor, and authorizes conviction under Tariff Act 1922, § 593a (Comp. St. § 5841h12), for importation without payment of such tax.

3. **Criminal law ⬤696(7)—General motion to strike testimony in part competent and material was properly overruled.**

Motion to strike out portion of testimony, but not singling out particular portion, *held* properly overruled, where part of statement was competent and material, since party excepting to evidence must point out part excepted to.

4. **Criminal law ⬤437—Map identified by witnesses, with notations of places thereon, held properly received in evidence (Tariff Act 1922, § 593a [Comp. St. § 5841h12]).**

In prosecution, under Tariff Act 1922, § 593a (Comp. St. § 5841h12), for smuggling whisky, map of locality, identified by witnesses by locating certain points designated by notations on map, *held* properly received in evidence.

5. **Indictment and information ⬤132(5)— Government need not elect between prosecution for smuggling whisky and count charging illegal transportation (Tariff Act 1922, § 593a [Comp. St. § 5841h12]; National Prohibition Act [Comp. St. § 10138¼ et seq.]).**

Government need not be required to elect between prosecution, under Tariff Act 1922, § 593a (Comp. St. § 5841h12), for smuggling whisky, and count charging illegal transportation, under National Prohibition Act (Comp. St. § 10138¼ et seq).

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

H. J. West, alias Robert J. Donovan, was convicted of smuggling merchandise with intent to defraud the revenue of the United States, and he brings error. Affirmed in part, and in part reversed and remanded.

Renehan & Gilbert and Albert H. Clancy, all of Santa Fé, N. M., and Arthur A. Hesch, for plaintiff in error.

John W. Wilson, U. S. Atty., of Albuquerque, N. M. (A. Gilbert Espinosa, Asst. U. S. Atty., of Albuquerque, N. M., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and MUNGER and FARIS, District Judges.

MUNGER, District Judge. [1] The indictment in this case contained three counts. A demurrer was sustained as to the second count. The jury found the plaintiff in error guilty as charged in the first and second counts. Sentence was imposed under the first and third counts. Because of this error the judgment must be reversed, as far as it imposed sentence under the third count. The first count charged that plaintiff in error knowingly and willfully, and with intent to defraud the revenue of the United States, smuggled and clandestinely introduced into the United States merchandise consisting of a quantity of whisky and other liquor, which should have been invoiced. This count of the indictment was based on section 593a of the Tariff Act of 1922 (C. S. Supp. 1925, § 5841h12). It is sufficient to say, as to the suggestions made of the insufficiency of the indictment, that paragraph 802 in Schedule 8, § 1, of this Tariff Act (Comp. St. § 5841a) imposed a duty of $5 per gallon on brandy or other spirits manufactured or distilled from grain or other materials.

[2] "Merchandise," as used in the Tariff Act, is defined by section 401 of the act (C. S. Supp. 1925, § 5841d) as follows: "The word 'merchandise' means goods, wares, and chattels of every description and includes merchandise the importation of which is prohibited." This section of the Tariff Act is effective, notwithstanding the provision in the Eighteenth Amendment to the United States Constitution and the National Prohibition Act (Comp. St. § 10138¼ et seq.), restricting the importation of intoxicating liquor into the United States. United States v. Yuginovich, 256 U. S. 450, 462, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. Stafoff, 260 U. S. 477, 480, 43 S. Ct. 197, 67 L. Ed. 358;

Powers v. United States (C. C. A.) 294 F. 512, 514; United States v. Two Automobiles, etc. (D. C.) 2 F.(2d) 264, 266; Nounes v. United States (C. C. A.) 4 F.(2d) 833, 835; Bailey v. United States (C. C. A.) 5 F.(2d) 437, 438; United States v. Cardwell (D. C.) 9 F.(2d) 146, 147, 148; The Squanto (C. C. A.) 13 F.(2d) 548, 550.

[3, 4] Other questions argued relate to the admission of evidence and to the denial of a motion requiring the prosecution to elect upon which count the trial should proceed. A customs inspector at Columbus, N. M., had information that some liquor was to be smuggled from Mexico into the United States. With some assistants, he took a position near a road along which it was supposed the smugglers would travel. They waited there during the greater part of a night. About daylight two automobiles came along the road from the direction of Mexico. The automobiles were stopped and found to be loaded with the liquor described in the indictment. The road along which the automobiles had come was an unfrequented one, on which there was but one ranch, called the Gibson ranch. The officers were able to follow the tracks made by the automobiles for a distance back along the road for about 30 miles and beyond where the cars had crossed the international boundary line from Mexico into New Mexico.

The customs officer, testifying as a witness, was asked to describe this road with reference to a map and answered: "This here is the cut-off, what they call the cut-off to El Paso; there is probably an average of one car a day traveling this road in here; that is the cut-off, but this here is the Gibson home ranch, and this is the Birchfield, that is not used by any one at all but smugglers or Gibson Bros." The attorney for plaintiff in error then said: "We object to the statement that the road is not used by any one except smugglers and Gibson Bros." The objection was overruled.

Mr. Fuller, another witness, who was with the officer at the time of the arrest, was asked to describe some places on the map, which was offered in evidence, and answered: "Here is where we waited for the cars to come out; this here road here is where we caught them; this here is the main road coming from Columbus, what they call the cut-off; here is where we come; these here roads that come in from Old Mexico, from Arena; here is the Gibson ranch; here is the road where they call Malpias, the Gibson water hole over there; that is where went into Old Mexico, which is about a mile from

the house; this road that comes in here isn't used by nothing but smugglers." Thereupon the attorney for the plaintiff in error said, "We object to that statement, and move it be stricken," and this objection was also overruled. These two rulings are assigned as errors.

It will be observed that no ground of objection was stated (see Waddell v. United States [C. C. A.] 283 F. 409, 410; Robilio v. United States [C. C. A.] 291 F. 975, 980); that the first motion included a request to strike out the portion of the testimony to the effect that the road was used by Gibson Bros., a relevant fact; and that the second motion did not single out any portion of Mr. Fuller's answer, some of which, at least, was competent and material but the objection was in general "to that statement." It is the duty of a party excepting to evidence to point out that part excepted to. If the exception covers any admissible testimony, it is properly overruled, and exceptions to portions of the testimony, which include evidence clearly competent, are not sufficient. United States v. McMasters, 4 Wall. 680, 682, 18 L. Ed. 311; Chicago & N. W. Ry. Co. v. De Clow, 124 F. 142, 145, 61 C. C. A. 34; 38 Cyc. 1376.

There was no error in overruling the motions, in the form they were made. The map was offered and received in evidence. It had been shown to be a correct representation of the locality, but error is assigned to overruling an objection made to the notations of places on the map, such as "arrests made here." A map would often be almost unintelligible, if no names of streets, buildings, or places were made thereon. It was in effect a part of the witnesses' testimony, when they located the various points of interest, and all of the points were identified in the names used on the maps by the testimony of some witness. There was no error in its reception in evidence.

Complaint is also made that the court overruled the objection of plaintiff in error to the introduction of some bottles, Exhibits B, C, D, E, and F, because no foundation had been laid for their introduction, and because no proof had been given that their contents were the same as at the time they were seized. There was proof that the liquor described in the indictment was taken from the plaintiff in error, but there is no record of an offer of Exhibits B, C, D, E, or F.

[5] Error is also assigned because the court refused, at the beginning of the trial, to require the government to elect between a prosecution under the first count of the indictment and a prosecution under the third

count of the indictment, which charged an illegal transportation under the National Prohibition Act of the intoxicating liquor, which had been brought into the United States from the republic of Mexico. There was no error in this ruling, as there were several charges against the same person for two acts or transactions connected together. Section 1024, Rev. Stats. (section 1690, Comp. Stats.).

The conclusions reached make it unnecessary to discuss other questions presented.

The judgment of the lower court imposing sentence under the first count will be affirmed, and the judgment imposing sentence under the third count will be reversed, and as to that count the case is remanded to the court below.