**DICKERSON et al. v. UNITED STATES.**

Circuit Court of Appeals, Eighth Circuit.
July 21, 1927.

No. 7704.

1. **Criminal law ⬤➾984—Concurrent sentence on several counts, less than maximum permissible under single count, will be sustained, if any count be good.**

Concurrent sentence on several distinct counts, less than the maximum which could have been imposed under any one of the counts, will be affirmed, if a single count can be sustained.

2. **Indictment and information ⬤➾71—Indictment for unlawfully importing merchandise, to wit, liquor, held, as to manner of violation, sufficiently certain (Tariff Act 1922, § 593 [19 USCA § 497]; National Prohibition Act, tit. 2, § 3 [27 USCA § 12]).**

Indictment under Tariff Act 1922, § 593 (19 USCA § 497), charging defendants with unlawfully importing from Canada into the United States certain merchandise, to wit, named liquors, in violation of National Prohibition Act, tit. 2, § 3 (27 USCA § 12 [Comp. St. § 10138½aa]), held to set forth with sufficient certainty the particular manner in which the law was violated.

3. **Customs duties ⬤➾121—Unlawfully imported liquor held "merchandise," within meaning of statute (Tariff Act 1922, § 593b [19 USCA § 497]).**

Liquor described in indictment as having been unlawfully imported held "merchandise," within Tariff Act 1922, § 593b (19 USCA § 497).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

In Error to the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

James Dickerson and another were convicted of unlawfully importing liquor, and they bring error. Affirmed.

Alexander Fosmark and W. E. Rowe, both of Crookston, Minn., for plaintiffs in error.

Seth W. Richardson, U. S. Atty., of Fargo, N. D.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

JOHN B. SANBORN, District Judge. The plaintiffs in error were defendants in the court below and will be so referred to in this opinion. Upon their pleas of guilty to two indictments, each of which contained two counts, they were sentenced to a year and a day under each count of both indictments, the sentences to run concurrently. Prior to entering their pleas of guilty, the defendants demurred to each count, and their demurrers were overruled. After sentence, they made motions in arrest of judgment, which were also overruled. The cases were consolidated for review, and the writ of error challenges the sufficiency of the indictments.

[1] Since the sentence was within the maximum which could have been lawfully imposed under any count of either indictment, the judgment must be affirmed, if a single count can be sustained. Brooks v. United States, 267 U. S. 432, 45 S. Ct. 345, 69 L. Ed. 699, 37 A. L. R. 1407; White v. United States (C. C. A.) 16 F.(2d) 870; Ghadiali v. United States (C. C. A.) 17 F.(2d) 236. [2] That portion of the first indictment—known as No. 4713—containing the first count is as follows:

"Now come the grand jury and by their foreman in their presence return the following indictment: An indictment against James Dickerson and Jack Harris charging them with smuggling liquor from Canada into the United States, in violation of section 593 of the Tariff Act of 1922." Indictment. (Title of Case.) "Indictment Charge: Violation section 593, Tariff Act of 1922. Smuggling liquor. The grand jurors of the United States of America, within and for the state of North Dakota, good and lawful men, duly selected, impaneled, charged, and sworn, upon their oaths present: That heretofore and on, to wit, on or about the 16th day of September, 1925, near Drayton, in the county of Pembina, state and district of North Dakota, and within the jurisdiction of this honorable court, one James Dickerson and one Jack Harris, whose true names, other than as herein stated, are to the grand jurors unknown, did unlawfully, knowingly, and fraudulently import from the Dominion of Canada, and bring into the United States, certain merchandise, to wit, twelve (12) bottles Bacardy rum; thirty-one (31) bottles white horse (Machie & Coy); twelve (12) bottles Canadian rye (Godderham & Worts); thirty (30) bottles black and white (Scotch whisky); thirty-seven (37) bottles Ross (Irish sloe gin); eighty-four (84) bottles Bourchard, Costede Blaine (wine); six (6) bottles John Dewars (special liquor); six (6) bottles Johnnie Walker (red label); six (6) bottles Danoff (Kumel); one (1) bottle silk hat (cocktail); eleven (11) bottles Verve Cliquot consardin (champagne); two (2) bottles triple sec (Euracao blank); one (1) bottle L. & G. (haut Sauternes); one (1) bottle anisette superfine wine—contrary to law, to wit, in violation of the provisions of

41 Statutes at Large, 305, known as the National Prohibition Act, and particularly in violation of section 3 of title 2 of said National Prohibition Act, and without first securing a permit, as provided in said act, from the Commissioner of Internal Revenue, as set forth in said act, with reference to the importation of intoxicating liquor. This contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

The objections of the defendants to this count seem to be that it does not set forth with reasonable certainty the particular manner in which the law was claimed to have been violated. Subdivision (b) of section 593 of the Tariff Act of 1922 (42 Stat. 982 [19 USCA § 497]) provides:

"If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both."

This section was a re-enactment of section 3082 of the Revised Statutes of the United States (Comp. St. 5785). In Keck v. United States, 172 U. S. 434, 19 S. Ct. 254, 43 L. Ed. 505, it was held that to charge importing and bringing into the United States "contrary to law and the provisions of the act of Congress in such cases made and provided, with intent to defraud the United States," was too general, and, in this connection, the court said:

"The words 'contrary to law,' contained in the statute, clearly relate to legal provisions not found in section 3082 itself; but we look in vain in the count for any indication of what was relied on as violative of the statutory regulations concerning the importation of merchandise. The generic expression, 'import and bring into the United States,' did not convey the necessary information, because importing merchandise is not per se contrary to law, and could only become so when done in violation of specific statutory requirements."

[3] In the first count of this indictment it is specifically pointed out that the claimed illegality of the importation consisted in the violation of the National Prohibition Act

(27 USCA § 1 et seq. [Comp. St. § 10138¼ et seq.]). That the liquor referred to in the indictment was merchandise is beyond question. Bruno v. United States (C. C. A.) 289 F. 649, 653; United States v. Bengochea et al. (C. C. A.) 279 F. 537; United States v. Sischo, 262 U. S. 165, 43 S. Ct. 511, 67 L. Ed. 925; Kurczak v. United States (C. C. A.) 14 F.(2d) 109; West v. United States (C. C. A.) 15 F.(2d) 916; Bookbinder v. United States (C. C. A.) 287 F. 790; Powers v. United States (C. C. A.) 294 F. 512. That its importation into the United States was contrary to the National Prohibition Act is obvious. If it was for beverage purposes, the importation was prohibited. If it was not, a permit from the Commissioner of Internal Revenue was essential. It might have been better to have stated in the indictment that this liquor was intoxicating liquor, but the description of it contained in the count shows nearly all of it to have been within the definition of intoxicating liquor contained in the act. In this connection, see United States v. Golden (D. C.) 1 F.(2d) 543; Hensberg v. United States, 288 F. 370; Myers v. United States (C. C. A.) 15 F.(2d) 977; Weinstein v. United States (C. C. A.) 11 F.(2d) 505. In the case of Keen v. United States, 11 F.(2d) 260, 262, this court said, referring to section 1 of title 2 of the National Prohibition Act (27 USCA §§ 4, 5 [Comp. St. § 10138½]):

"This section defines intoxicating liquor as including 'alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, * * * by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes.' Of course, it has been held so often as to render citation of cases unnecessary that, upon the coming in of proof of the sale of whisky, alcohol, brandy, gin, and other well-known intoxicants, the court will judicially notice that such liquids are intoxicating liquors, without proof of their alcoholic content. And it may well be the law (though the specific question up for judgment does not require that the point be ruled) that, on proof of the sale of lager beer, or even beer without any adjectival modification, the court will, perforce section 1, supra, judicially notice the intoxicating character of such liquids so styled. Berry v. United States (C. C. A.) 275 F. 680."

Great stress is laid by the defendants on the case of Bruno v. United States, supra, in which it was held that the so-called supple-

mental act of November 23, 1921 (42 Stat. 222, 223) did not have the effect of reinstating section 3082, Revised Laws, in so far as the importation of intoxicating liquor was concerned, and that the words in section 3082, "contrary to law," referred to the provisions of the customs law. The Tariff Act of 1922, which re-enacted section 3082, was not in force when the indictment considered in Bruno v. United States was drawn and filed. The words "contrary to law" mean exactly what they say. Goldberg v. United States (C. C. A.) 277 F. 211, 217. While the indictment is not a model of good pleading, we think that the charge that at the time and place stated these men imported the intoxicating liquor described from Canada into the United States contrary to law is sufficiently set forth. On the general proposition that such an indictment is valid, we find support in the following cases: Goldberg v. United States, supra; United States v. Bookbinder (D. C.) 281 F. 206, affirmed in (C. C. A.) 287 F. 790; Powers v. United States, supra; Nounes v. United States (C. C. A.) 4 F.(2d) 833; United States v. Cardwell (D. C.) 9 F.(2d) 146; Gillespie v. United States (C. C. A.) 13 F.(2d) 736; Kurczak v. United States, supra; West v. United States, supra.

The judgments are affirmed.