## UNITED STATES v. NEWTON et al.

District Court, D. Delaware. December 4, 1929.

No. 2.

Leonard E. Wales, U. S. Atty., of Wilmington, Del.

Louis Halle, of New York City, for defendant Callahan.

MORRIS, District Judge. Each count of the indictment charges the defendants with importing and bringing into the United States intoxicating liquor in violation of section 593 (b) of The Tariff Act of 1922 (19 USCA § 497) which forbids importations contrary to law. The first count charges the defendant Callahan as aider and abettor of other defendants; the second as principal. The facts alleged to show that the importa-

tion was contrary to law are that it was made (1) without a permit from the Commissioner of Internal Revenue, as required by Schedule 8 of the Tariff Act of 1922, (2) without payment of the customs duties thereon as required by Schedule 8 of the Tariff Act of 1922, and (3) in violation of· section 3 of title 2 of the National Prohibition Act. Each count is demurred to by the defendant Callahan.

The demurrer is in effect a denial that any of the three allegations of the indictment discloses a violation of section 593 (b). In support of his challenge of the first of these allegations the defendant shows that the date of the importation is fixed by the indictment as November 10, 1927, that on April 1, 1927, the Act of Congress of March 3, 1927 (5 USCA § 281 et seq.), entitled "An Act to Create a Bureau of Customs and a Bureau of Prohibition in the Department of the Treasury" went into effect, and that by virtue of section 4 of that act (5 USCA § 281c),·and the regulations promulgated thereunder, particularly sections 2009 to 2015, which became effective October 1, 1927, the power to issue permits for the importation of intoxicating liquor was transferred from the Commissioner of Internal Revenue to the Commissioner of Prohibition. I think this contention is sound and that, consequently, the allegation in the indictment of importation without a permit from the Commissioner of Internal Revenue fails to disclose an importation "contrary to law."

The only allegation tending to show that customs duties were due and payable is that the liquor was brought "into the territorial waters of the District of Delaware." This is not sufficient. Keck v. United States, 172 U. S. 434, 19 S. Ct. 254, 43 L. Ed. 505.

The theory upon which the defendant attacks the third allegation is that the National Prohibition Act not only prohibits the importation of intoxicating liquor, but provides a penalty for so doing; that the penalty of this earlier special statute was not repealed by the later general statute, section 593 (b) of The Tariff Act of 1922; and that, hence, importation of intoxicating liquor in violation of The National Prohibition Act is not a violation of section 593 (b). It is, of course, well settled that a later statute, general in its terms, and not expressly repealing a prior special statute, will ordinarily not affect the special provisions of such earlier statute. In re Crow Dog, 109 U. S. 556, 570, 3 S. Ct. 396, 27 L. Ed. 1030; Simon v. Simon, 58 App. D.. C. 158, 26 F.(2d) 530, 532; 26 A. & E. Enc. of Law (2d Ed.) 739. But the National Prohibition Act prescribes no special penalty for importations in violation of that law. Instead, section 29 of title 2 of the act (27 USCA § 46) contains an omnibus clause fixing penalties for violations for which no special penalty is fixed. As the subsequent Tariff Act of 1922 fixes a special penalty for importations of intoxicating liquors contrary to law, its provisions supersede, with respect to that offense, the omnibus clause of the National Prohibition Act. Kurczak v. United States (C. C. A.) 14 F. (2d) 109 (C. C. A. 6); United States v. Cardwell (D. C.) 9 F.(2d) 146; Nounes v. United States,·4 F.(2d) 833 (C. C. A. 5).

Since the indictment sets forth one fact or set of facts showing that the importation was "contrary to law," the demurrer must be overruled.