## BLOCK · *v.* · DARLING.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

No. 299. Argued April 22, 23, 1891. — Decided May 11, 1891.

When in an action for the recovery of a money demand, a counter-claim of the defendant exceeding $5000 in amount is entirely disallowed, and judgment rendered for the plaintiff on his claim, this court has juris-

diction of a writ of error sued out by the defendant, without regard to the amount of the plaintiff's judgment.

*Hilton* v. *Dickinson*, 108 U. S. 165, affirmed and applied.

A general exception " to all and each part of the foregoing charge and instruction " suggests nothing for the consideration of this court.

Money deposited by the plaintiff with the defendant, in order to cheat and defraud plaintiff's creditors, may be recovered back by him.

DARLING, the defendant in error, brought this action against the plaintiffs in error, partners doing business under the name of Elias Block & Sons, to recover the sum of $7144.37, for and on account of the sum of $5636 alleged to have been deposited with them by plaintiff, and accepted and received by defendants, to be paid to him on his order, and for certain articles of personal property sold and delivered by him to them at their special instance and request, particulars of which are set out in an account filed with the petition, and for each and all of which, it is averred, the defendants promised to pay, but no part of which had been paid except the sum of $3103; leaving a balance due of $4041.37, for which amount, with interest, judgment was asked.

The defendants filed an answer and counter-claim, in the first paragraph of which they deny being indebted to the plaintiff in any sum whatever on account of the matters or any of them set forth in the petition. They allege that, on the 8th of March, 1882, they purchased from him a distillery and premises known as the A. W. Darling distillery, including certain merchandise and chattels, then on the premises, and being used in the operation of the distillery and the distillery business; also, the good will, brands, trade marks, trade names and other tokens connected with and belonging to such business and distillery, and certain whiskeys made at the distillery, the price of the whole being $20,450.82; that the merchandise and chattels so bought by them constituted part of the personal property mentioned in the petition, and were purchased by him at agreed prices, aggregating $1079.60; and that said sum of $20,450.82 was then and there paid to the plaintiff, except $5636. In respect to the latter sum the answer alleged that "the plaintiff was then and there, and still is,

largely indebted to others and wholly insolvent, and intending and designing to cheat and defraud his other creditors, and thereto to assert to them that he had been fully paid all of said purchase money, he then and there requested these defendants to retain said balance as a deposit, and thereupon the same was paid by these defendants to plaintiff and by him immediately returned to these defendants, and that this is the same transaction mentioned in the petition as a deposit."

The second paragraph asserted a counter-claim against the plaintiff for the sum of $9000, for which the defendants asked judgment. The counter-claim arose out of alleged misrepresentations and breach of warranty by the plaintiff in respect to certain whiskeys then on hand and made at his distillery, which the defendants had purchased with the distillery; such whiskeys, it was alleged, being falsely and fraudulently represented by the plaintiff to be sound and merchantable, and not made of rotten or musty material, and the purchase of them, as well as the distillery, constituting a part of the transaction out of which the demands of the plaintiff arose.

After the issues were fully made up — the burden, according to the pleadings, being upon the plaintiff to establish his demand, and upon the defendants to prove their counter-claim — there was a trial before a jury, resulting, December 22, 1886, in a verdict in favor of the plaintiff for "$3938.40, with legal interest from March 11, 1882." On the same day, a judgment in conformity with the verdict having been entered, the defendants moved for a new trial upon various grounds. Subsequently, December 24, 1886, the plaintiff moved the court to allow him to remit $100 of the judgment. This motion was disposed of on the day the defendants tendered their bill of exceptions, January 17, 1887, the court ordering that motion to be granted, the defendants being present by counsel and not objecting.

The bill of exceptions shows that certain letters received by the plaintiff, through the mail, from the defendants, were admitted in evidence against their objection, and that an exception was taken to the action of the court. It also shows that the defendants offered testimony conducing to show that the

debt of the defendants to plaintiff for unpaid purchase money on the transaction in controversy was changed in form to a deposit with defendants, for plaintiff's benefit, under the assumed name of Charles Adams, and that such change was at the plaintiff's instance, and for the purpose of concealing that indebtedness from his creditors, and with intent to defraud them. This testimony was, excluded, and to this action of the court an exception was taken.

The bill of exceptions shows no other exceptions. It contains all the evidence introduced " bearing upon the exceptions to the charge." The charge was very full, concluding : " It is the duty of this court to tell you that the defendants have not made out any case for damages. You will, therefore, retire to consider the verdict and return what you find to be the balance due to the plaintiff, allowing him interest or not as you may see proper."

The defendants, at the close of the charge, "excepted to all and each part of the foregoing charge and instructions, and the same was all the charge or instruction given by the court."

*Mr. T. F. Hallam* for plaintiffs in error.

*Mr. Orrin B. Hallam* for defendant in error.

Mr. Justice Harlan, after stating the case, delivered the opinion of the court.

1. The judgment rendered December 22, 1886, was for $3938.40, with interest thereon at the rate of six per cent per annum from the 11th of March, 1882. The principal and interest amounted at that time to $5062.07. But on a subsequent day the court, the defendants being present by counsel and not objecting, allowed the plaintiff to remit one hundred dollars of the judgment. This reduced the amount in dispute on the plaintiff's demand to less than $5000. It is, consequently, contended that there is nothing before us on this writ of error in respect to the plaintiff's cause of action against the defendants. This view cannot be sustained. The defendants

not only disputed the whole of the plaintiff's demand, but claimed judgment over against him for the amount of their counter-claim. So that the amount in dispute here is the aggregate of the demands of the respective sides. As said in *Hilton* v. *Dickinson*, 108 U. S. 165, 175, this court has jurisdiction " of a writ of error or appeal by a defendant when the recovery against him is as much in amount or value as is required to bring a case here, and when, having pleaded a set-off or counter-claim for enough to give us jurisdiction, he is defeated upon his plea altogether, or recovers only an amount or value which, being deducted from his claim. as pleaded, leaves enough to give us jurisdiction, which has not been allowed." See also *Bradstreet Company* v. *Higgins*, 112 U. S. 227. The disallowance altogether of the defendants' counter-claim entitled them to a writ of error that would bring up the whole case, the original cause of action as well as the defence and counter-claim. This results from the fact that the defendants claimed that the plaintiff ought not to have judgment in any sum whatever, and that they were entitled to judgment for the amount of their counter-claim.

2. Although we have jurisdiction, so far as the value of the matter in dispute is concerned, the question is not properly before us as to whether the court erred in its charge to the jury upon the counter-claim. The general exception " to all and each part of the foregoing charge and instructions " suggests nothing for our consideration. It was no more than a general exception to the whole charge. The court below was entitled to a distinct specification of the matter, whether of fact or of law, to which objection was made. The charge covered all the facts arising out of the counter-claim, and clearly stated the law which, in the opinion of the court, governed the case. If its attention had been specifically called at the time to any particular part of the charge that was deemed erroneous, the necessary correction could have been made. An exception " to all and each part " of the charge gave no information whatever as to what was in the mind of the excepting party, and, therefore, gave no opportunity to the trial court to correct any error committed by it. *Harvey*

v. *Tyler*, 2 Wall. 328, 339 ; *Beckwith* v. *Bean*, 98 U. S. 26 ˙. 284 ; *Moulor* v. *American Ins. Co.*, 111 U. S. 335, 337.

3. The exception by the defendants to the admission in e٨ dence of certain letters received by the plaintiffs through t. mail from the defendants, is not well taken. Those lette٨ had more or less bearing upon the transaction out of which the respective claims of the parties arose.

4. Nor did the court below err in excluding evidence offered by the defendants conducing to show that the money claimed by the plaintiff to have been deposited with them to be paid to him on his order was so deposited with the intent to cheat and defraud his creditors. The evidence, if admitted, would not have relieved the defendants from responsibility to account for it. The plaintiff's suit to compel the return of the money may be regarded as one in disaffirmance of the arrangement under which the defendants claimed to have received it ; and, if successful, would tend to defeat the alleged purpose of defrauding his creditors by having it kept upon secret deposit with the defendants. It is not a suit to recover money received and paid out under an illegal or immoral contract which has been fully executed. The suit is necessarily a disavowal upon the part of the plaintiff of any purpose to hide this money from his creditors. To allow the defendants to retain it upon the ground that he had originally the purpose to conceal it from his creditors would be inconsistent with the spirit and policy of the law. *Spring Co.* v. *Knowlton*, 103 U. S. 49, 58, and authorities there cited. Besides, the deposit was good as between the parties. The defendants do not represent the plaintiff's creditors, and the latter are not suing.

This disposes of all the exceptions arising upon the record.

*Judgment affirmed.*