## CHARLESTON ICE MANUF'G CO. v. JOYCE.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1893.)

No. 34.

WRIT OF ERROR—REVIEW—INDEFINITE OBJECTIONS TO EVIDENCE.
    On writ of error, specific objections to the admission of evidence will
    not be considered when the general indefinite objection made thereto at
    the trial was properly overruled.

In Error to the Circuit Court of the United States for the District of South Carolina.

Action by E. F. Joyce against the 'Charleston Ice Manufacturing Company for damages sustained because of defendant's refusal to allow plaintiff to remove certain property from the premises of defendant. Verdict and judgment were rendered for plaintiff, and a motion for a new trial was denied. 50 Fed. Rep. 371. Defendant brings error. Affirmed.

Samuel Lord, for plaintiff in error.
J. F. K. Bryan, for defendant in error.

Before BOND and GOFF, Circuit Judges, and HUGHES, District Judge.

GOFF, Circuit Judge. This action was instituted by the defendant in error, E. F. Joyce, against the Charleston Ice Manufacturing Company, plaintiff in error, to recover damages for the refusal after demand made by Joyce of that company to allow him to remove from the premises of the company his machinery, tools, derricks, and other implements used by him in his business of boring artesian wells. Joyce claimed that he was entitled to the immediate possession of the property mentioned, which he had placed on the premises of defendant for the purpose of digging a well for it; and that defendant continued for the space of 36 days in its refusal to permit him to remove his machinery and other property, to his great loss and injury in the use of the same, in the obstruction of his calling, and the enforced idleness of his employes, which wrongful acts plaintiff alleged were done by defendant with intent to injure the plaintiff in his business and calling, to his damage $5,000. The answer of the defendant below is, in effect, a general denial, though it admits the plaintiff's title to the property, and its location on the premises of the defendant. The case was twice tried before a jury. On the first trial a verdict was returned for the plaintiff for the sum of $3,233, which was, on motion of the defendant, set aside by the court, on the ground that the damages found were excessive. On the second trial the jury found for the plaintiff the sum of $2,500 damages, which verdict the court refused to set aside, and entered judgment thereon.

During the progress of the second trial defendant below objected to a question propounded a witness and to the introduction of certain evidence. The only question before this court is, as found in the bill of exceptions, as follows:

That in the progress of this cause plaintiff's attorney exhibited to Louis P. Hart, president of the defendant company, and a witness for defendant, then under cross-examination by plaintiff, a business card, as follows:

**LOUIS P. HART,**

Pres't Central Ice Company.

Incorporated Under the Laws of Alabama,

Controlling Ice Machines at

| | |
|---|---|
| New Orleans, Ala., | Crescent City Ice Co. |
| Mobile, Ala., | Mobile Ice Co. |
| Savannah, Ga., | The Home Ice Mfg. Co. |
| Charleston, S. C., | Charleston Ice Mfg. Co. |
| Birmingham, Ala., | Avondale Ice Factory. |
| Brunswick, Ga., | Brunswick Ice Mfg. Co. |

—The following questions being put and answers made: Question. Where were you born? Answer. Brooklyn, New York. Q. Where have you lived? A. At the age of one year my parents removed to Cambridge, Massachusetts. I lived there until I was 29. I am now 38. Q. Where have you lived since then? A. In the south; mostly Savannah. Q. You have been in Savannah ten years? A. Nine years. Q. Is that your business card (indicating.) A. Yes. (Mr. Lord, defendant's attorney, objected to the last question, which objection the court overruled, and permitted plaintiff to put the question and take the answer, and to introduce the card in evidence. Thereupon, Mr. Lord then and there entered an exception.)

This general, indefinite objection or exception is the only one found in the record. It does not appear that there was any specific ground of objection offered to the evidence at the time the exception was taken. It is now, in this court, claimed by plaintiff in error that "the private business card of the witness should not have been allowed to be put in evidence, because clearly irrelevant, and intended and calculated to prejudice the minds of the jury."

The rule is well established that the appellate court will only permit those matters to be assigned for error that were brought to the attention of the court below during the progress of the trial, and then passed upon. Springer v. U. S., 102 U. S. 586, 593; Wood v. Weimar, 104 U. S. 786, 795. The supreme court of the United States, in the case of Burton v. Driggs, 20 Wall. 125, 133, speaking by Mr. Justice Swayne, on this subject said:

"It is a rule of law that where a party excepts to the admission of testimony he is bound to state his objection specifically, and in a proceeding for error he is confined to the objection so taken. If he assigns no ground of exception, the mere objection cannot avail him. In Hinde's Lessee v. Longworth, this court said: 'As a general rule, we think the party ought to be confined in examining the admissibility of evidence to the specific objection taken to it. The attention of the court is called to the testimony in that point of view only.'"

The necessity for this rule is so apparent, and the rule itself is so universally enforced by the courts, that further consideration of the question is not required of us. The following cases show the practice to be as we have stated, and demonstrate its wisdom and the importance of adherence to it. Camden v. Doremus, 3 How. 530; Harvey v. Tyler, 2 Wall. 328, 339; Beckwith v. Bean, 98 U. S. 266, 284; Stebbins v. Duncan, 108 U. S. 32, 2 Sup. Ct. Rep. 313; Moulor v. Insurance Co., 111 U. S. 335, 337, 4 Sup. Ct. Rep. 466; Burley v.

Bank, 111 U. S. 216, 4 Sup. Ct. Rep. 341; Block v. Darling, 140 U. S. 234, 11 Sup. Ct. Rep. 832; Railroad Co. v. Charless, 51 Fed. Rep. 562, 571. We think it clear that the court below properly overruled the general objection made during the trial, as recorded in the bill of exceptions, and it is equally as clear that this court cannot, on writ of error, consider the specific objections made before it, and not presented to the court below.

There are other questions raised by the assignment of error, but they are not presented by the bill of exceptions, and, as we understand the law, and view this case, we cannot consider them. The judgment of the court below is affirmed.