HARKINS, Collector of Internal Revenue, v. BROWN.

(Circuit Court of Appeals, Fourth Circuit.  May 7, 1901.)

No. 394.

1. TRIAL—ERROR IN ADMITTING EVIDENCE—EFFECT OF INSTRUCTIONS.
   Where a trial court erroneously admits in evidence unsworn written statements which are hearsay and inadmissible on any issue before the jury, but which may affect their determination of such issues, the error is not cured by a caution given the jury in the charge against being influenced by such statements, because they are not conclusive, but which permits the jury to consider them as evidence in the case.

2. APPEAL—ASSIGNMENTS OF ERROR.
   While assignments of error relating to rulings on the admission of evidence cannot be broader than the exceptions taken on the trial, yet such exceptions must be construed with reference to the issues before the jury, and the evident understanding of court and counsel at the time they were made as to their grounds and scope.

In Error to the Circuit Court of the United States for the Western District of North Carolina.

A. E. Holton, U. S. Atty., for plaintiff in error.

E. J. Justice (D. E. Hudgins, on the brief), for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

SIMONTON, Circuit Judge.  This case comes up by writ of error to the district court of the United States for the Western district of North Carolina.  R. W. Brown, the plaintiff below (defendant in error here), had been engaged in conducting a registered United States distillery within the said district.  There had been assessed against him by H. S. Harkins, collector of internal revenue, the plaintiff in error (defendant below), the sum of $883.80 upon spirits alleged to have been produced, removed, and placed on the market without payment of the tax alleged to have been legally and properly assessed thereon.  Brown paid this tax under protest, and thereupon brought his action in the superior court of McDowell county, N. C., to recover it back, as illegally assessed.  The cause was removed by certiorari into the district court of the United States, and was tried in that court with a jury.  The verdict was in favor of the plaintiff.

The complaint, among other things, alleged "that in the manner and within the time prescribed by law the plaintiff, after notice of said assessment, appealed to the commissioner of internal revenue to remit the said taxes so erroneously and illegally assessed against him, and upon such appeal his petition was denied, and the said commissioner of internal revenue declined to remit the taxes so illegally and wrongfully assessed."  This allegation and the facts therein stated were essential to his right to recover the taxes so paid.  Rev. St. § 3226.  In code pleading, which prevails in North Carolina, the answer must be responsive to the complaint, and must contain a general or specific denial of each material allegation of the complaint controverted and put in issue by the defendant, or of

any knowledge or information thereof sufficient to form a belief. Code N. C. § 243. Every allegation of the complaint not thus denied is admitted. Id. § 268.

The defendant below, answering this paragraph of the complaint, used this language:

"Admits that the plaintiff applied to the commissioner of internal revenue for abatement of said tax, but he denies that the same was illegally or wrongfully assessed."

At the trial the plaintiff below, not content with this answer, which, if not expressly, certainly impliedly, admitted the allegation of his complaint, offered evidence of the action of the commissioner of internal revenue upon his application for the remission of the tax. To do this, he introduced papers containing the grounds of his application and proofs offered by him, as well as the letter of the commissioner containing his decision and the reasons therefor. Among these papers is a certified copy of a statement made by Asst. Dist. Atty. Motte, that in certain proceedings against Brown, by way of indictment for the offense charged (the basis of this assessment), compromise was effected by the payment of the penalty and costs imposed by the court, and that this was a finality of the whole matter. There was also in these papers a statement by W. J. English, storekeeper and gauger, that the stamps had been properly affixed to the packages on which the tax had been assessed. These statements were not verified by the oath either of Motte or of English. These persons were not produced, nor their absence accounted for. When the plaintiff offered these papers in evidence, all contained in one exhibit, the defendant objected thereto. His objection was overruled, and he then and there excepted. The district judge used this language: "To the ruling of the court in allowing said certified copies to be introduced in evidence, the defendant objected." In the assignments of error this objection is put in these ways:

"First, to the admission of the whole exhibit, a certified record from the treasury department, and allowing the said record to be admitted and read as evidence before the jury; second, in overruling the objection to that portion of the record giving the statement of Assistant District Attorney Motte; third, in overruling the objection to that portion of the exhibit purporting to give the statement of W. J. English, storekeeper and gauger."

In charging the jury the judge said that the certified copies had been admitted as evidence, but he cautioned the jury against being influenced by the declarations of Motte and others contained in the record; for these declarations, he said, were not conclusive, but that the jury must be controlled entirely, in reaching a conclusion, by the evidence in the case which they heard. To this, exception was taken and allowed. It appears in an assignment of error. This will be first considered. These copies of statements purporting to have been made by Motte and English were pure hearsay. They were contained in a paper in which somebody else said what they had said. They were not sworn to. Neither Motte nor English were parties to the case, nor privies to either party. Clearly, they were not the best evidence, nor were they admissible in evidence.

Yet the judge tells the jury that they had been admitted in evidence. It is true that the judge cautioned the jury against being influenced by these declarations of Motte and others,—not, however, because they were not evidence. He had already told the jury that they had been admitted in evidence. But because they were not conclusive; that it was the duty of the jury to be controlled entirely in reaching a conclusion by the evidence in the case. The natural import of these words—the inevitable conclusion to be drawn from them—was that, however strong these statements might be, they did not conclude the case and bar out the defendant. The jury must look to all the evidence, and draw their conclusion entirely from that. The charge tended to mislead the jury, and gave a prominence and weight to these unsworn, hearsay statements which they did not deserve.

The defendant in error insists that the assignments of error numbered 1, 2, and 3, quoted above, are too broad, that they are not sustained by the exception taken at the trial. There can be no doubt that the appellate court must confine itself to the exceptions actually taken at the trial, the objection having been made and exception taken and noted before the jury leave the bar. Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735; Van Gunden v. Iron Co., 8 U. S. App. 229, 3 C. C. A. 294, 52 Fed. 838. And only such matters as have been so excepted to can be assigned as error. Manufacturing Co. v. Joyce, 8 U. S. App. 309, 4 C. C. A. 368, 54 Fed. 332. The complaint had averred that the plaintiff had appealed to the commissioner of internal revenue from the assessment of the collector, and that his appeal had been rejected. This averment was essential to the maintenance of his action. The answer admitted this. If it did not do so in hæc verba, it certainly did not deny it in any form, and under code pleading this was no longer an issue in the case, for it was admitted. The record proves this. The only issue submitted to the jury was:

"Is the defendant, as collector of internal revenue, indebted to the plaintiff as alleged in the complaint? If so, in what amount?"

When the plaintiff introduced this Exhibit A, record of the treasury department, in evidence, containing these statements of Motte and English, he did so in order to maintain and prove this issue. Both the judge and the counsel for the defendant so understood it. Indeed, these were the only parts of the exhibit to which the defendant could be construed as objecting. He could not deny the ruling of the commissioner. There was no reason or necessity for proving such ruling. It had been admitted. The objection was to the certificates introduced to show that, notwithstanding the ruling of the commissioner, the tax was illegally assessed. The bill of exceptions, signed by the judge, says:

"The attorneys for the plaintiff, to maintain and prove the issues settled by the court, offered in evidence alleged certified copies of the application of R. W. Brown to the commissioner of internal revenue for abatement of the tax wrongfully paid. These certified copies are herewith sent as part of this bill of exceptions. * * * To the ruling of the court in allowing said certified copies to be introduced in evidence, the defendant objected."

It is clear that the judge and the counsel for defendant both understood that these certified copies were offered by plaintiff to prove the issue settled by the court, and that they were allowed and admitted, and that to this allowance and admission exception was taken. The attention of the court was thus drawn to this fact, and so this case does not come within U. S. v. McMasters, 4 Wall. 680, 18 L. Ed. 311, and the other cases quoted by defendant in error. The assignments in error are fully sustained by the exception taken at the trial. The judgment of the circuit court is reversed. The cause is remanded to that court, with instructions to grant a new trial.