FLINT et al. v. YOUNGSTOWN SHEET & TUBE CO.

No. 404.

Circuit Court of Appeals, Second Circuit.

July 18, 1944.

Whedon & Bennett, of New York City, (Burt D. Whedon, of New York City, of counsel), for appellants.

Cravath, Swaine & Moore, of New York City (Albert R. Connelly and Harold R. Medina, Jr., both of New York City, of counsel), for appellee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This action was brought in a state court and removed to the federal court on the ground of diversity of citizenship. It is an action to recover commissions under a contract which appointed the plaintiffs agents for the sale of the defendant's products in Argentina, Paraguay and Uruguay. The contract was made in 1932 and the agency continued until terminated by the defendant on June 1, 1943. The present litigation is the result of a disagreement between the parties as to the meaning of the contract; the plaintiffs assert that it entitled them to commissions on all goods shipped by the defendant into their territory, while the defendant says that it is bound to pay only on shipments which filled orders obtained by the plaintiffs. Concededly all commissions due on the latter have been paid. The action was brought to recover commissions on shipments to Argentina, Paraguay and Uruguay resulting from sales made by the defendant in the United States during the years 1939 to 1943. The issue whether the contract bound the defendant to pay commissions on such shipments was submitted to the jury and was found against the plaintiffs. Their appeal asserts (1) that the verdict is contrary to the evidence; (2) that evidence on behalf of the defendant was erroneously admit-

ted; and (3) that errors were committed in the judge's charge to the jury.

The first point raised by the appellants, namely, that the verdict is not supported by the evidence is not open to them upon this record. At the conclusion of the evidence, when the plaintiffs rested, the defendant moved for a directed verdict, but the plaintiffs did not. Nor did they do so after the defendant had rested. When the verdict came in, they moved for a new trial on the ground that the verdict is "contrary to the evidence, and without evidence to support it." This motion was denied, and, when later renewed, was again denied. But such denials are of no avail to them. In a federal court the denial of a motion for a new trial brings up nothing for review in an appellate court. Missouri Pac. R. Co. v. Chicago & A. R. Co., 132 U.S. 191, 10 S.Ct. 65, 33 L.Ed. 309; Fishburn v. Chicago, M. & St. P. Ry. Co., 137 U.S. 60, 11 S.Ct. 8, 34 L.Ed. 585; Miller v. Maryland Casualty Co., 2 Cir., 40 F. 2d 463. If the plaintiffs wished to assert that there was no case to go to the jury, they were bound to move for a directed verdict. They may not take a verdict and then complain that it is not what they expected; or at least their right to complain ends with the trial judge. See Miller v. Maryland Casualty Co., supra, 40 F.2d at page 465. Under federal practice an appellate court will not consider the question of the sufficiency of the evidence in the absence of a request for an instructed verdict. Hartford Life & Annuity Ins. Co. v. Unsell, 144 U.S. 439, 12 S.Ct. 671, 36 L.Ed. 496; Hansen v. Boyd, 161 U.S. 397, 16 S.Ct. 571, 40 L.Ed. 746; Sacramento Suburban Fruit Lands Co. v. Elm, 9 Cir., 29 F.2d 233, 235; Century Indemnity Co. v. Shakespeare, 10 Cir., 74 F.2d 392, 394. But for the appellants' consolation we may say that, were the question before us we should find the verdict adequately supported by the evidence.

There is no merit in the contention that evidence on behalf of the defendant was improperly admitted. The evidence under attack consists of correspondence between the defendant and Rolfe-Rogers—exhibits A to L. Beginning in 1915 Rolfe-Rogers served as the defendant's sales representative in Argentina for many years; in 1930 he took L. Geoffrey Flint into partnership with him under the firm name Rolfe-Rogers & Flint, and in 1931 the other plaintiff, P. A. Leicester Flint,

became a partner. This firm continued to represent the defendant until 1932 when Rolfe-Rogers retired and the plaintiffs formed the firm of Flint Brothers. Before the defendant offered exhibits A to L the plaintiffs themselves had introduced evidence tending to show that the terms of Rolfe-Rogers' employment were relevant to the interpretation of their own contract with the defendant. Thus, exhibit 44, a letter dated December 10, 1940 written by Flint Brothers to Youngstown stated:

"As we see it our arrangement with you is simply a continuation of that which obtained while the firm was Rolfe-Rogers and Flint, and this in turn simply followed the original agreement which you made with Mr. A. Rolfe-Rogers in 1922.

"On referring to old correspondence covering this arrangement, we find that in your letter of November 23rd, 1922, it was established that commission would be paid on all shipments which you made to this territory, regardless of whether the orders had actually been taken by the representative or not. There were logical reasons for this which were covered by the correspondence between you and Mr. Rogers at that time, and these reasons exist and are just as logical today. * * *"

This plainly opened the door for introduction of the letter of November 23, 1922, exhibit F, which bore Rolfe-Rogers' acceptance and constituted his agreement with the defendant as of that date. It is true that Mr. Flint testified that when he wrote the letter of December 10th he had not seen the letter of November 23rd, 1922, to which he made reference; but certainly the defendant was free to argue to the jury that they were not compelled to accept his testimony in preference to his written admission that the old arrangement continued. Moreover, without regard to the letter of December 10th, the Rolfe-Rogers correspondence was admissible. Numerous letters which the plaintiffs introduced permitted the inference that the defendant's original arrangement with Rolfe-Rogers and then with Rolfe-Rogers & Flint was to be continued, except as modified, with Flint Brothers. Indeed this was the substance of Mr. Flint's testimony on examination before trial.

The appellants argue that the trial judge's charge was prejudicial and unfair. Only a general exception to the charge was taken, counsel stating during his requests to charge: "* * * I want to take an exception to the entire charge as being argumentative in favor of the defendant and unfair and prejudicial to the plaintiffs." The judge then asked counsel to point out any particular in which the charge was prejudicial in order that it might be corrected, but counsel did not attempt to do so; instead he went ahead with his requests to charge. A trial judge is entitled to a distinct specification of the particular part of his charge to which objection is made in order to be given an opportunity to correct any error which he may have committed. A general exception to the entire charge raises no question for review on appeal. Block v. Darling, 140 U.S. 234, 11 S.Ct. 832, 35 L.Ed. 476; Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010; Wear v. Imperial Window Glass Co., 8 Cir., 224 F. 60, 63, 64. But despite this rule we should hesitate to require a specific objection if the charge appeared to be really unfair. Cf. United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555. As the appellee says, the appellants' real objection is that the court exercised the prerogative of a federal judge to comment on the evidence and perhaps indicated indirectly that his own view leaned against the plaintiffs' contentions. He did not, however, transgress permissible limits.

The final point relates to the charge respecting the letter of March 13, 1941, in which the defendant informed the plaintiffs that commissions will be paid "only on such tonnages as are covered by orders which you send in to us yourselves, or in such cases as are evident that you have arranged for the customer to submit the inquiry and order direct to us." The instruction given was correct, for the agency contract was terminable at will, and, if the plaintiffs were not content with the defendant's modification of it, if the letter was a modification, they should have refused to go on. Curtiss Candy Co. v. Silberman, 6 Cir., 45 F.2d 451; A. L. I. Restatement, Agency, §§ 118-119; Williston, Contracts, Revised Ed., § 1027A.

Judgment affirmed.