**McCARTHY et al. v. SAFEWAY STORES, Inc.**

**No. 21, Docket 20239.**

Circuit Court of Appeals, Second Circuit.

Oct. 24, 1946.

Abraham M. Fisch, of New York City, for appellants.

Harold Schaffner and Reginald V. Spell, both of New York City, for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

PER CURIAM.

The plaintiffs appeal from a judgment dismissing their complaint, entered upon the verdict of a jury, in an action to recover damages for the defendant's negligent driving of one of its trucks. The only point presented is that the testimony so clearly established the defendant's negligence that the judge should have taken the issue from the jury. However, at the close of the evidence the plaintiffs did not ask the judge to do this, and to leave them only the amount of the damages: and it necessarily follows that he did not commit any error in not doing so. Not only was he not bound so to limit the issues; but it would have been an error if he had, for he would have deprived the plaintiffs of that right to a verdict which they had demanded in their complaint under Federal Rules of Civil Procedure, rule 38(b), 28 U.S.C.A. following section 723c, and which, had they succeeded, would have put them in a much stronger position on an appeal. This leaves nothing for us to review; nor does the order which denied the plaintiffs' motion for a new trial. Flint v. Youngstown Sheet & Tube Co., 2 Cir., 143 F.2d 923.

The plaintiffs urge that there are cases where the verdict is so shockingly unjust that an appellate court will intervene ex mero motu, even though the defeated party has not asked that the issue should be taken from the jury; and, arguendo, we will assume that we have such a power in extreme cases. Even so, there would be not the slightest justification for intervening here; for the case involved a straight conflict of testimony whose solution was not in the least obvious. On what conceivable theory it would have been proper for the judge, or would now be proper for us, to upset the verdict, we cannot imagine.

Judgment affirmed.