**Robert HAMBLEN, Plaintiff-Appellee,**

v.

**Alex KAZLAUSKI, individually, and Alex Kazlauski, Alex Kazlauski, Jr. and Stanley Kazlauski, Co-partners doing business under the name of Vale Packing House Company, Defendants-Appellants.**

**No. 12307.**

United States Court of Appeals Seventh Circuit.

Oct. 8, 1958.

Kenneth B. Hawkins, Chicago, Ill., Palmer C. Singleton, Jr., Hammond, Ind., Tenney, Sherman, Bentley & Guthrie, Chicago, Ill., Travis, Tinkham & Singleton, Hammond, Ind., for appellants.

Daniel F. Kelly, Hammond, Ind., Louis G. Davidson, Chicago, Ill., for appellee.

Before MAJOR, FINNEGAN and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

In this diversity action plaintiff (appellee) sought recovery of damages for personal injuries and property loss sustained as the result of a collision between a tractor-trailer unit owned and operated by him, and a cattle truck owned by defendants (appellants) and driven by one of them, in the early afternoon of July 12, 1955, near the intersection of U. S. Highways No. 30 and No. 35 in Starke County, Indiana. The jury found defendants guilty and assessed plaintiff's damages at $40,000, upon which verdict the court entered judgment. Defendants' motion for a new trial was denied, and this appeal followed.

Defendants did not move for a directed verdict either at the close of plaintiff's case or at the close of all the evidence, nor did they move for a judgment notwithstanding the verdict after the jury found for plaintiff. This appeal rests solely on the trial court's denial of defendants' motion for a new trial.

Among the allegations of negligence charged in the complaint are that defendants were guilty of negligence in not giving a proper signal within 100 feet of a crossing of his intention to turn left, and in failing to keep a lookout for traffic approaching from the rear. In their brief at page 28, defendants "concede that the driver of defendant's truck was guilty of negligence * * * (setting out the foregoing two charges) * * * as charged in plaintiff's complaint." In their reply brief at pages 7 and 8, defendants extend their concession by stating: "In our admission of defendants' negligence we did not limit the admission to failure to give a hand signal within 100 feet of the crossing of his intention to turn left, or in failing to keep a lookout for traffic approaching to the rear. We admitted defendants' negligence in respect to all the negligence charges in the complaint. If there is any doubt about our admission, it may be considered now as so admitted." Similar concessions were made in oral argument on this appeal.

Again, at page 8 of their reply brief, defendants state the essence of their first contested issue as follows: "We hold no brief for what defendants' driver did or did not do at the time and place in question and prior thereto. Our contention is and has been that the uncontradicted evidence shows plaintiff's conduct was negligent as a matter of law during all the time involved in this occurrence and that his negligence was the direct proximate cause, or at least a proximate contributing cause, to the accident. We further contend that such conduct was in violation of mandatory statutes without proof by plaintiff of any evidence to excuse or exculpate him."

It is not necessary in our disposition of this appeal to make any extended statement of the facts surrounding this accident. We have carefully read the entire transcript of the evidence and the following account of the incident in question is made abundantly clear to us. Road No. 30 was a two-lane concrete highway running east and west with rather wide gravel shoulders. Road No. 35 made a T-intersection running to the north and circling back to the west and south and crossing Road No. 30 over an overpass to the west of the intersection. A yellow "no-passing" line was painted on the south side of the white center line on Road No. 30 from a point some distance west of the overpass to about the intersection with Road No. 35, indicating that eastbound traffic should not cross over it.

Plaintiff was following defendants' truck and both were traveling east on Road No. 30 at a speed of approximately 40 miles an hour. Defendants' truck slowed down slightly and plaintiff sound-

ed his horn and speeded up his tractor-trailer unit and pulled to his left onto the north side of the pavement and started to pass defendants' truck. All this occurred some 800 to 1000 feet west of the overpass and several hundred feet west of the beginning of the yellow line. As plaintiff pulled alongside defendants' truck, defendant increased his speed, crossed over to the north side of the road, and brushed his truck against plaintiff's outfit causing plaintiff to temporarily lose control and drive partially off the pavement to the north with at least the left half of his unit traveling on the gravel shoulder. At this juncture defendant pulled his truck back on the south (his right) side of the pavement. Plaintiff tapped his brakes lightly but did not apply them with force because of the danger of jackknifing his trailer. Somewhere near the point of the impact the yellow line first appeared on the pavement on its eastward course. Plaintiff continued east trying to regain control of his tractor-trailer (gross weight with full cargo of eggs about 56,000 pounds), and when he had about reached the overpass he had almost all of it back on the north side of the pavement. Both vehicles continued to run alongside each other for a short distance at about the same speed and, after going under the overpass and about 150 feet west of the center of the intersection with Road No. 35, defendant again drove his truck to his left across the yellow line onto the north side of the road and once more collided with plaintiff's outfit causing plaintiff to completely lose control of it and travel northeast across Road No. 35 at the intersection, strike a tree, run into a ditch and come to rest on a concrete culvert abutment east of Road No. 35 and north of Road No. 30. Defendant continued east on Road No. 30 and stopped his truck in the center of the intersection facing slightly to the northeast. Defendant admits he intended to make a left turn on Road No. 35 at the intersection.

Plaintiff sustained serious personal injuries with a long loss of work time and heavy property damage to his tractor and trailer. Defendant was not personally injured and there was merely slight damage to his truck.

Defendants have asked us to review the sufficiency of the evidence to support the verdict and to find that, even though defendants were guilty of all the negligence charged in the complaint, plaintiff was guilty of negligence *per se* when he continued his attempt to pass defendants' truck to the left of the yellow line and also because he continued to try to pass defendants' truck when within 100 feet of the intersection with Road No. 35, all claimed to be in violation of two Indiana statutes. Burns' Ind.Ann.Stat. §§ 47–2015, 47–2016 (1952 Repl.). Plaintiff contends that we may not review sufficiency of the evidence because defendants did not move the trial court for a directed verdict or for judgment notwithstanding the verdict.

Each party has cited and in part at least relies upon the rule of this circuit announced by our now Chief Judge Duffy in Irvin Jacobs & Co. v. Fidelity & Deposit Co. of Maryland, 1953, 7 Cir., 202 F.2d 794, 799, 37 A.L.R.2d 889, which states: "Prior to the time that the jury returned its verdict the plaintiff did not move for a directed verdict or otherwise question the sufficiency of the evidence to support a verdict if returned in favor of the defendant. Under well established principles, the sufficiency of the evidence to support the verdict is not preserved for review * * * (citations omitted) *unless this is one of those exceptional cases*, Charles v. Norfolk & Western Ry. Co., 7 Cir., 188 F.2d 691, 695; Commercial Credit Corp. v. Pepper, 5 Cir., 187 F.2d 71, *which render inapplicable the general rule."* (Our emphasis.)

Our examination of the entire record makes it quite clear to us that this is *not* such an exceptional case. As we have read the testimony, it is clear that a question was presented for the jury to determine whether the admitted negligence of defendants made it impossible for plaintiff to do other than he did in operating his tractor-trailer having

due regard for the hazards created by the defendants' misconduct. This case thus comes "within the general rule that the granting or refusing of a new trial bottomed on the claim that the verdict is against the weight of the evidence is a matter within the sound discretion of the trial court." Irvin Jacobs & Co. v. Fidelity & Deposit Co. of Maryland, supra.

We next consider whether the trial court committed prejudicial error in instructing the jury that non-compliance with a statute forbidding passing at an intersection was excusable if caused by circumstances beyond the driver's control. Defendants now contend, although plaintiff charges they did not raise this objection at the trial, that the instruction in question was not only extremely confusing but reversible error for the reason that there are no facts on which to base the instruction. Our finding on the first issue is dispositive of this question. As we have indicated, there was evidence of circumstances beyond the driver's control to excuse any technical violation of the statute in question and the instruction was thus proper. Furthermore, since there is evidence showing that the act of passing was begun more than 1000 feet from the intersection and more than several hundred feet from the point where the yellow line first appears on the highway, and showing that plaintiff's inability to complete the act of passing was caused by defendants' admitted negligence, we are not convinced that plaintiff did in fact violate the statute.

Defendants further claim error in the giving of an instruction on the elements of damage to be considered in fixing plaintiff's damages for the loss of his tractor and trailer, and in sustaining an objection to a question asked plaintiff on cross-examination. We have carefully examined both of these contentions, and have concluded they are wholly without merit and did not in any manner prejudice the outcome of this case.

We conclude the jury arrived at a fair and justifiable result and hold that the district court did not err in denying defendants' motion for a new trial.

Plaintiff's prayer for additional damages under Rule 26(a) and for costs under Rule 16(c) of the rules of this court is denied.

The judgment of the district court is Affirmed.