George SILBERNAGEL, Plaintiff-Appellee,

v.

Lloyd VOSS, Defendant-Appellant.

No. 12427.

United States Court of Appeals Seventh Circuit.

April 1, 1959.

---

John F. O'Melia, Rhinelander, Wis., O'Melia & Kaye, Rhinelander, Wis., for appellant.

Charles F. Smith, Wausau, Wis., John E. Bliss of Smith, Okoneski, Puchner & Tinkham, Wausau, Wis., for appellee.

Before HASTINGS, PARKINSON and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

Plaintiff (appellee) brought this action in the district court to recover damages for personal injuries suffered in his attempt to aid or rescue his maid, Clara LaFine, who is not a party. Defendant's answer denying liability to the maid was withdrawn during the trial; and the trial court, with defendant's consent, found as part of the special verdict that defendant was liable to the maid. The jury found both plaintiff and defendant to have been causally negligent, apportioned the negligence under the Wisconsin Comparative Negligence Statute, Wis. Stat. § 331.045 (1957), 85% to defendant and 15% to plaintiff, and returned a verdict in favor of plaintiff in the sum of $21,886.13, on which judgment was rendered and from which this appeal is taken.

A detailed recital of the facts surrounding the accident to the maid, the attempted rescue by plaintiff and his subsequent injuries will serve no good purpose here. It is sufficient to say that the maid had fallen over a log guard rail fence, admittedly negligently constructed by defendant, and landed on a grass plot near the bottom of a six foot retaining wall. Plaintiff heard the loud noise resulting from falling of the log and a ladder the maid had been using, and ran out of his cottage. He saw the missing log from the guard rail, the ladder and the maid lying on the ground below. Apparently believing that she was in grave danger or imminent peril or in need of immediate help, plaintiff proceeded at once to her aid or "rescue" by descending the retaining wall to the ground and in so doing turned his left ankle and fell on and crushed his left leg at about the knee with the resulting injuries for which damages were sought in this suit.

■ A number of errors are relied upon by defendant for reversal. Defendant contends that plaintiff was not entitled to the benefit of the rescue doctrine since there was no evidence of "grave danger or imminent peril to the life or health" of the rescued in this case. However, the defendant made no motion for a directed verdict at the trial; and, under well-established principles, questions as to the sufficiency of the evidence to support the verdict are not preserved on this appeal. Hamblen v. Kazlauski, 7 Cir., 1958, 259 F.2d 754, 756; Irvin Jacobs & Co. v. Fidelity & Deposit Co. of Maryland, 7 Cir., 1953, 202 F.2d 794, 799, 37 A.L.R.2d 889; Flint v. Youngstown Sheet & Tube Co., 2 Cir., 1944, 143 F.2d 923, 925. Nor is this one of those exceptional cases which renders inapplicable the general rule. Irvin Jacobs & Co. v. Fidelity & Deposit Co. of Maryland, supra.

■ Defendants also charged error in the use of the words "in apparent" in the following question submitted to the jury for a special verdict:

"At and immediately prior to plaintiff's injuries was plaintiff engaged in an attempted rescue of a person *in apparent* grave danger or imminent peril?" (Our emphasis.)

However, defendant waived objections as to the use of this language in oral argument on this appeal. Further, we find no error in the form of the question;

it was properly phrased to elicit an answer as to whether the situation in this case was such as to induce a reasonable belief on part of plaintiff that the maid was in imminent peril. See 19 A.L.R. 10–11.

■ The issue remaining for our determination is whether defendant is entitled to a new trial because of certain allegedly prejudicial statements made by the trial court and because of the exclusion by the trial court of certain testimony proffered by defendant.

The defendant claims prejudice resulting from the trial court's comments made during the course of defendant's cross-examination of the plaintiff and during his examination of the witness, Babich. It appears from the record that during the cross-examination of plaintiff, certain questions were asked relating to plaintiff's lack of medical training as qualifying him to render first aid to the injured maid. The court interrupted this line of questioning with the statement: "I don't think a person would have to have any first aid training or any special training to go to the help of a person who is in distress as this woman apparently was. He doesn't need any special training, and he doesn't have to be a doctor to go to her assistance and render aid to her." Earlier the court had interrupted to ask plaintiff whether he "had reason to believe she was hurt." We find nothing improper or prejudicial to defendant in these questions and comments by the court.

■ Defendant called witness Babich, who had taken the photographs of the scene of the accident about a year after plaintiff's injury, and attempted to show that this witness had used an alternate route from the top of the retaining wall where the log was dislodged to the place where the injured maid had fallen to the ground below. The inference was that plaintiff could and should have used this same alternate route without sustaining any injury to himself in attempting to effect the rescue. The trial court's observation that there was no emergency existing at the time the photographs were being taken and other comments with respect to changed conditions a year after the accident were proper and not prejudicial. We have considered the other statements by the court objected to by defendant and find no prejudicial error as to them.

■■ We also find no error in the trial court's rejection of the proffered testimony of defendant's witness Bloom, a disabled war veteran. Defendant offered to show that Bloom had conducted an experiment *three years after the accident* to demonstrate that Bloom, in his crippled condition, had safely used the alternate route above referred to and had traveled the required distance in 30 seconds. This went to the charge that plaintiff was rash and reckless in choosing the direct route to attempt the rescue and was related to the percentage of total negligence attributable to plaintiff. The court properly sustained plaintiff's objection to this testimony on the ground that it was highly irrelevant and immaterial. In point of time, the experiment was too remote, being three years after the accident in question, and it was made under different physical conditions and at a time when there was no emergency existing. "We cannot say that there is such a similarity between the experiment and the occurrence in the case before us to find reversible error in the exclusion of the testimony." Bish v. Employers Liability Insurance Corp., 5 Cir., 1956, 236 F.2d 62, 70. Further, the extent to which experiments may be admitted is within the sound discretion of the trial court. Ibid. We find no abuse of that discretion here.

Finding no reversible error on the part of the trial court in the conduct of this trial, and believing that substantial justice has been done, the judgment of the district court is

Affirmed.